IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INVESTORS VII, LLC, an Oregon limited
liability company,

                          Plaintiff,

            v.

BBP ONE, L.L.C., a Washington limited
liability company,

                          Defendant.

Case No. 3:16-cv-01595-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

The matter before the Court is Investors VII, LLC's ("Investors") Motion for Order

Awarding Plaintiff Attorneys' Fees and Costs Against Defendant BBP One, L.L.C. ("BBP

One"). (ECF No. 17.) Following the entry of a default judgment in the amount of $579,392.72,

plus interest as specified in 28 U.S.C. § 1961(a), Investors moved this Court for an award of

attorney's fees in the amount of $18,394 and costs in the amount of $1,538.97. For the reasons

set forth below, Investors' motion should be granted in part and denied in part. The district judge

should award Investors $16,870 in attorney's fees and $1,538.97 in costs.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Investors, an Oregon limited liability company, filed a "Complaint On Promissory Note and Guaranty" against BBP One, a Washington limited liability company, seeking the amount owed (principal balance, interest, and late fees) under the terms of a promissory note. (Compl. ¶¶ 2-4.) In January 2007, BBP One executed and delivered to Investors a promissory note in the amount of $290,099.53. (Compl. ¶ 2, Ex. 1.) On April 7, 2014, the parties executed an agreement extending the due date of the promissory note to April 1, 2015. (Compl. ¶ 3, Ex. 2.) In its Complaint, Investors alleged that BBP One "failed to pay any sum due under the promissory note" and "[i]n accordance with the terms of the promissory note, the entire balance of $290,099.53 plus interest and late charge is now due." (Compl. ¶ 4.) These amounts totaled $579,392.72, as of August 10, 2016.

After being properly served with the Complaint, BBP One failed to appear or otherwise defend this action. As such, pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b), Investors moved this Court for entry of default judgment. Following the Court's September 2016 entry of default judgment against BBP One, Investors filed the present motion for costs and fees.

## DISCUSSION

### I.     Investors' Bill of Costs

Investors seeks costs in the amount of $1,538.97, representing filing fees ($640), Pacer Fees ($3.50), costs associated with service of pleadings ($685.88), costs for photocopies ($7.30), costs for legal research ($180.79), and costs for photocopies ($21.50).

FRCP 54(d)(1) provides, in part: "Unless a federal statute, these rules or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

PAGE 2 – FINDINGS AND RECOMMENDATION

In addition, a broad fee clause in the Promissory Note signed by BBP One authorizes Investors

to recover all of its litigation expenses:

> 5. Costs of Collection. If this Note, or any portion thereof, is not paid when due,
> whether at maturity or by acceleration, Borrower shall reimburse Lender, upon
> demand, for *all Lender's costs of collection*, including but not limited to,
> reasonable attorney's fees and expenses, all litigation expenses, incurred by or on
> behalf of Lender on account of such collection, whether or not suit is filed hereon,
> whether in trial courts, appellate courts, bankruptcy courts, arbitration or
> mediation.

(Compl. Ex. 1 at 1 (emphasis added).) Although the court has discretion to deny costs, FRCP

54(d)(1) creates a presumption in favor of awarding costs. *See Goldberg v. Pac. Indem. Co.*, 627

F.3d 752, 758 (9th Cir. 2010).

The Court finds that Investors' requested costs are permissible and reasonable under 28

U.S.C. § 1920 and the terms of the Promissory Note.

## II.    Investors' Motion for Attorney's Fees

### A.    Legal Standard[1]

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their

litigation unless a statute or private agreement provides otherwise." *Grove v. Wells Fargo Fin.

Cal., Inc.,* 606 F.3d 577, 579 (9th Cir. 2010) (quotation omitted). As set forth above, the terms of

the Promissory Note provide for reimbursement to Investors of its reasonable attorney's fees in

collecting the Promissory Note.

The calculation of a reasonable fee award begins with calculating the lodestar figure, by

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of

---

[1]  "In a diversity case, the law of the state in which the district court sits determines
whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney
fees is governed by federal law." *Riordan v. State Farm Mut. Auto. Ins. Co.,* 589 F.3d 999, 1004
(9th Cir. 2009) (quotation omitted).

documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993). In determining the lodestar figure, the court may consider the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). These factors include the novelty or difficulty of the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case. I*d.*

The court must review the requested fee award for reasonableness, even if no objection has been raised to the number of hours billed or the hourly rate applied.[2] G*ates,* 987 F.2d at 1401(finding that the "district court [is] required to independently review plaintiffs' fee request even absent defense objections"). The court possesses "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cty.,* 195 F.3d 524, 526 (9th Cir. 1999).

### B.    Analysis

Investors seeks attorney's fees in the amount of $18,394, as follows:

| Name | Position | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Charles R. Markley | Attorney | $435 | 20.20 | $8,787 |
| Sanford R. Landress | Attorney | $350 | 24.60 | $8,610 |
| Carrie Evans | Paralegal | $195 | 2.60 | $ 507 |
| Marilyn Robert | Paralegal | $135 | 3.00 | $ 405 |
| Norah Cartier | Legal Assistant | $ 85 | 1.00 | $ 85 |

**TOTAL AMOUNT DUE: $18,394**

(Markley Decl. ¶ 5.)

///

///

---

[2]  In accordance with FRCP 5(a)(2), Investors did not serve BBP One with the motion for attorney's fees and costs, and thus Investors' request for attorney's fees is unopposed.

PAGE 4 – FINDINGS AND RECOMMENDATION

### 1.   Reasonableness of Requested Hours

Investors requests compensation for 20.20 hours of attorney Charles Markley's time and 24.60 hours of attorney Sandford Landress' time.[3] Additionally, Investors seeks reimbursement for 6.60 hours of paralegal and legal assistant time. In support of its requested hours, Investors submitted billing records showing the time expended on specific tasks by each individual. (Charles R. Markley Decl. Ex. 2, Sept. 23, 2016.) Investors contends it is entitled to the requested hours based on the "amount involved and the results obtained." (Markley Decl. ¶ 7E.)

After a careful review of the billing invoice, the Court finds that with the exception of fees sought for clerical work (set forth below), the requested hours are reasonable. BBP One defaulted on the loan, elected not to appear or defend this action, and Investors has been unable to collect the amount BBP One owes under the terms of the Promissory Note. Under the circumstances, it is reasonable for BBP One to pay the fees incurred by Investors in its efforts to enforce the agreement.

### a.   Clerical Work

Clerical and secretarial work are considered overhead expenses and are not compensable as attorney's fees. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate regardless of who performs them[, the] dollar value [of a clerical task] is not enhanced just because a lawyer does it" (internal citation omitted)); *Frevach Land Co. v. Multnomah Cty.*, No. 99-cv-1295-HU, 2001 WL 34039133, at *12 (D. Or. Dec.18, 2001) (finding that it is inappropriate "to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks").

---

[3]  The billing invoice shows that Markley expended 20.90 hours on this case, in contrast to the 20.20 hours requested by Investors' fee petition. (Markley Decl. Ex. 2 at 3.) No explanation was provided for the discrepancy.

PAGE 5 – FINDINGS AND RECOMMENDATION

In reviewing the billing invoice, the Court notes that there are entries for tasks typically viewed as clerical in nature and thus non-compensable. *See Sterling Sav. Bank v. Sequoia Crossing, LLC*, No. 09-cv-0555-AC, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." (citations omitted)). Specifically, the Court finds that these tasks should not be included in the fee award:

|    | DATE    | TIME/ATTNY | NOTES                                                                          | ALLOWANCE                      |
|----|---------|------------|--------------------------------------------------------------------------------|--------------------------------|
| 1. | 8.08.16 | .4 by NC   | E-file summons and complaint with USDC                                         | Non-compensable clerical work  |
| 2. | 8.09.16 | .5 by CRM  | Prepare summons, service instructions                                          | Non-compensable clerical work  |
| 3. | 8.30.16 | .2 by NC   | E-file affidavit of service with Oregon USDC                                   | Non-compensable clerical work  |
| 4. | 8.31.16 | .4 by NC   | E-file with USDC Dismissal notices, defaults, orders and declaration of Daniel Bunn. | Non-compensable clerical work  |
| 5. | 9.16.16 | .8 by CRM  | Service and filing of Chelan judgment                                          | Non-compensable clerical work  |

### 2.    Reasonableness of the Requested Rates

In its motion, Investors requests hourly rates of $435 for attorney Markley, $350 for attorney Landress, $195 for paralegal Evans, and $135 for paralegal Robert.[4] Investors contends it is entitled to the requested rates based on the skills requisite to perform the legal services properly, the customary fees charged in Portland for similar legal services, and the experience, reputation, and ability of its attorneys. (Markley Decl. ¶ 7.)

---

[4] The Court need not consider whether legal assistant Norah Cartier's requested rate of $85/hour is reasonable as her time was disallowed.

The law is well established that a reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (district court abused its discretion in ERISA case when it awarded attorney's fees at an hourly rate of $250, because declarations from comparable ERISA lawyers showed that "the market sustain[ed] a rate above $400 per hour" for comparable work). "[T]he burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Welch*, 480 F.3d at 947.

The best evidence of the prevailing rate in Portland, Oregon is the 2012 Economic Survey conducted by the Oregon State Bar.[5] *See McElmurry v. U.S. Bank Nat'l Assoc.*, No. 04-642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (finding that in this District, the Oregon State Bar's Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates"); *see also Copeland-Turner v. Wells Fargo Bank, N.A.*, No. 11-cv-37-HZ, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012) ("Judges in the District of Oregon use the Oregon State

---

[5] The 2012 Economic Survey sets forth compensation data for the year ended December 31, 2011. *See* https://www.osbar.org/surveys_research/12EconSurvey.html (last visited Jan. 30, 2017). The 2012 Economic Survey was revised in July 2013.

Bar Economic Survey . . . as a benchmark for assessing the reasonableness of hourly billing rates."). The Economic Survey sets forth rates actually charged by Oregon attorneys in the relevant year, including rates specific to communities such as Portland. *See, e.g., Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (referencing 2002 Economic Survey).

With regard to the requested hourly rates, Markley and Landress are commercial litigation attorneys who were admitted to the Oregon State Bar in 1975 and 1981, respectively. (Markley Decl. ¶ 2.) The pertinent hourly wage data for attorneys based on 30-plus years of practice in Portland, Oregon, set forth in the 2012 Economic Survey is summarized below:

| Years | Median | 75th Percentile | 95th Percentile |
|---|---|---|---|
| Over 30 | $350 | $400 | $500 |

Turning first to Markley's requested rate of $435/hour, in 2013 this Court determined that a reasonable hourly rate for Markley's services was $400/hour. *See Sterling Sav. Bank v. Derek L. Brown & Assoc., Inc.*, No. 3:10-cv-000674-BR, 2013 WL 164424, at *3 (D. Or. Jan. 15, 2013) ("Markley has established his work in this matter is more similar to attorneys in the 75th percentile.") Other than noting his years of experience, Markley offers no evidence to support an hourly rate over the 75th percentile for the work performed in this case, nor does Markley seek an adjustment for inflation. The Court notes that this case was a relatively straightforward action for non-payment of a promissory note, with no complicated legal issues. Nevertheless, the Court also recognizes the efficiencies afforded due to Markley's expertise in this area of the law. As such, on the record before it, the Court finds that $400/hour is a reasonable rate for Markley's services in this case.

Landress requests $350/hour for his services in this litigation. According to the 2012 Economic Survey, $350/hour is the median rate for attorneys with Landress' experience. For the reasons noted above, the Court finds that $350/hour is a reasonable rate for Landress' work in this case.

Investors requests paralegal rates for Evans and Robert of $195/hour and $135/hour, respectively. Investors did not provide any information about the years of experience or training for these paralegals. On the record before it, the Court finds that $125/hour is a reasonable rate for Evans' and Robert's work in this case. *See, e.g., Sterling Sav. Bank*, 2013 WL 164424, at *4 (reducing paralegal rate to $50/hour after plaintiff failed to provide geographic market data and information as to paralegals' experience); *Sterling Sav. Bank*, 2010 WL 3210855, at *8 (reducing paralegal rate to $125/hour in the absence of evidence of paralegal's training and experience).

### 3.      Fee Award

Based upon the foregoing discussion, the district judge should award attorney's fees in the amount of $16,870. The Court's lodestar calculations are summarized as follows:

| Name | Rate Awarded | Hours Requested | Hours Allowed | Amount Awarded |
|---|---|---|---|---|
| Markley | $400 | 20.20 | 18.90 | $ 7,560 |
| Landress | $350 | 24.60 | 24.60 | $ 8,610 |
| Evans | $125 | 2.60 | 2.60 | $  325 |
| Robert | $125 | 3.00 | 3.00 | $  375 |
| Cartier | N/A | 1.00 | 0.00 | $  0 |
| **Total Fees** | | | | **$16,870** |

## CONCLUSION

For the reasons stated, the district judge should GRANT in part and DENY in part

Investors' Motion for Awarding Plaintiff's Attorneys' Fees and Costs (ECF No. 17), and award

Investors its attorney's fees in the amount of $16,870, and costs in the amount of $1,538.97.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, the Findings and Recommendation will go under advisement on that date. If objections

are filed, a response is due fourteen (14) days after being served with a copy of the objections.

When the response is due or filed, whichever date is earlier, the Findings and Recommendation

will go under advisement.

DATED this 30th day of January 2017.

STACIE F. BECKERMAN
United States Magistrate Judge